# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSEPH CASTILLO,

        Plaintiff,

vs.                                                    No. CIV 12-1040 JB/ACT

DURHAM SCHOOL SERVICES, LP,
CITY OF ALBUQUERQUE, UNITED
STATES POSTAL SERVICE,

        Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT, WITHOUT PREJUDICE

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Report and Recommendation, filed May 6, 2013 (Doc. 11); and (ii) the Plaintiff's Objections, filed May 16, 2013 (Doc. 12)("Objections").  The Honorable Alan C. Torgerson, United States Magistrate Judge, recommends that the Court dismiss, without prejudice, under rule 12(b)(6) of the Federal Rule of Civil Procedure, the Plaintiff Joseph Castillo's Complaint, filed October 5, 2012 (Doc. 1), for failure to state a claim upon which relief can be granted.   The Court has conducted a de novo review of the record and finds that Castillo's Objections do not have a sound basis in the law or the facts of the case.   The Court will thus overrule Castillo's Objections to the Report and Recommendation.   The Court will adopt the Report and Recommendation, and will dismiss this action, without prejudice, for failure to state a claim.

## LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition.   See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the

required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Finally, when resolving objections to a magistrate judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[1]

In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

---

[1] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court finds that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.   The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.   <u>See</u> S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).   There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.   Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.   Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or <u>ruling</u> on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."   <u>See</u> Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereafter Senate Hearings).   The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.   <u>See id.</u>, at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").   The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.   <u>See</u> Senate Hearings, at 35, 37.   Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.   There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.   It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.   We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

<u>Thomas v. Arn</u>, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"   <u>One Parcel</u>, 73 F.3d at 1060 (quoting <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to

apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)).   Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").   In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.   See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the magistrate judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing."   United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."   United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)).   The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report.   In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).   "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . .   the district court must, at a minimum, listen to a tape recording or read

a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.   On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).   A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. . . .   Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).   "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).   The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766.   The Tenth Circuit has explained that brief district court orders that "merely repeat the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.   We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1).  See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and  United States v. Raddatz require).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the magistrate judge's recommendations.  In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the Plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review.  The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."  Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.  The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of

discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.   See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.   The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not.").   This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review.   Accordingly, the Court considers this standard of review appropriate.   See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").   The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## STANDARD FOR DECIDING A MOTION TO DISMISS

A complaint does not require "detailed factual allegations," but the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks and bracket omitted).   A complaint must

contain enough allegations of fact "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. at 570.   In resolving a motion to dismiss brought under rule 12(b)(6), the court must determine whether the factual allegations are sufficient "to raise a right to relief above the speculative level," while assuming "that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (internal quotation marks omitted).

The Supreme Court of the United States has re-emphasized that conclusory statements without sufficient underlying supporting factual allegations will not survive a motion to dismiss for failure to state a claim.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   Accordingly, it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability. Ashcroft v. Iqbal, 556 U.S. at 678 (internal quotation marks omitted).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678.   Instead, the courts should take a two-step approach in determining whether a complaint states a claim upon which relief may be granted.   First, it "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. at 680.   Then it "consider[s only] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 681.   "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).   The Tenth Circuit has noted:

> [T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.

Hall v. Bellmon, 935 F.2d at 1110.

## ANALYSIS

The Court has carefully reviewed the entirety of Castillo's Objections and summarizes some of that pleading. While he restates in his Objections the statutory language included in Judge Torgerson's Report and Recommendation regarding his right to make timely objections, Castillo proceeds to set forth the same disjointed and scattered references to the Declaration of Independence, the Constitution, the Bill of Rights, the Bible, legal tender, politics, religion, history, the law, international relations, unrelated district court cases, performance evaluations, criminal charges, and mental health issues found in his Complaint. In stating the nature of his case, Castillo discusses how the court should review a motion for summary judgment. See Objections at 2. In describing his "Cause of Action," Castillo states:

> C.   1) - LOSS of PHYSICAL LIBERTY – *U.S. Constitution*! *NO, CHECKS-BALANCES*- I) Love GOD II) Love *WE the PEOPLE* - Deut. 6.5- Mat. 21.37.   I. - CONGRESS shall make NO LAW respecting an establishment-Religion=(Bible Church) or Prohibiting the EXERCISE thereof = (Bible Church) or abridging-Freedom of Speech or - Right-People-Peaceably to Assemble and -Government for - REDRESS of GRIEVANCE.

Objections at 5 (emphasis in original). The composition, tone and syntax of Castillo's Objections are similar to that in the pleadings that he has filed, which contain pages of run-on sentences filled with disordered and incomplete content -- presented in a randomized mix of upper and lower case letters; italicized, bold, and ever-changing fonts; and replete with dashes, equal signs, quotation marks, questions marks, exclamation marks, and endless footnote numbering without footnotes.

- 10 -

Castillo inserts purported legal definitions of adverse actions, summary judgment motion standards, Title VII actions, and compensatory and punitive damages. The attachments to Castillo's Objections include a Pre-Booking Worksheet that the Albuquerque Police Department prepared; a Criminal Complaint - Arrest Warrant Affidavit; three Confidential Forensic Misdemeanor Assessments; a Judgment, filed March 9, 2010 (Doc. 14), that the Court entered in Castillo v. City of Albuquerque, No. CIV 09-0592 JB/LFG (D.N.M.)(Browning, J.); and an Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 20, 2008 (Doc. 13), that the Honorable Leslie C. Smith, United States Magistrate Judge, entered in Pacheco v. Potter, No. CIV 07-1230 LCS/RLP (D.N.M.).

All told, Castillo's Objections fail to reference any of the grounds upon which Judge Torgerson relies for recommending that his Complaint and this entire matter be dismissed for failure to state a claim. Castillo fails to disclose the exact nature of his claims, the relief he seeks, or the grounds upon which he may rely. Moreover, to the extent that Castillo's pleadings might attempt to set forth a claim under 42 U.S.C. § 1983, Title VII, or the New Mexico Human Rights Act, N.M.S.A. 1978, §§ 28-1-1 to -14, Castillo's Complaint and Objections do not satisfy the required elements of those claims. The Court, after a de novo review of Castillo's Objections, agrees with Judge Torgerson that Castillo fails to state any plausible claim upon which relief could be granted. See Ashcroft v. Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the Castillo pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Bell Atl. Corp. v. Twombly, 550 U.S. at 556 (requiring that a complaint state a claim to relief that is plausible on its face).

Judge Torgerson recommends that the Court dismiss Castillo's Complaint without prejudice. "A dismissal with prejudice is appropriate where a complaint fails to state a claim

- 11 -

under Rule 12(b)(6) and granting leave to amend would be futile."   Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006)(emphasis added).   The exact basis of Castillo's Complaint remains unclear.   And because Castillo might be able to assert a claim if he secures legal counsel, the Court is loathe to dismiss his Complaint with prejudice.   That said, it is also unclear whether any amendment could result in some actionable claim.   The Court therefore overrules Castillo's Objections, adopts Judge Torgerson's Report and Recommendation, and dismisses this action, without prejudice, for failure to state a claim.

IT IS ORDERED that: (i) the Plaintiff's Objections, filed May 16, 2013 (Doc. 12), are overruled; (ii) the Magistrate Judge's Report and Recommendation, filed May 6, 2013 (Doc. 11), is adopted; and (iii) the Plaintiff's Complaint, filed October 5, 2012 (Doc. 1) and this entire matter are dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Joseph Castillo
Albuquerque, New Mexico

       *Plaintiff pro se*